**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| MALCOM JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 2009-39 |
| v. ) | |
| ) | |
| RED HOOK BOAT SERVICES, INC., d/b/a ) | |
| PER DOHM WATER TAXI, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ATTORNEYS:**

**Desmond L. Maynard, Esq.**
St. Thomas, U.S.V.I.
 *For the plaintiff,*

**Rachelle Shocklee, Esq.**
St. Croix, U.S.V.I.
 *For the defendant.*

### MEMORANDUM OPINION

**GOMÉZ, C.J.**

Before the Court is the motion of Red Hook Boat Services, Inc., d/b/a Per Dohm Water Taxi, Inc. ("Per Dohm") to dismiss the complaint filed by Malcom Jackson ("Jackson"). For the reasons stated below, the Court will grant the motion.

### I. FACTS

Per Dohm owned and operated a vessel known as the M/V Water Taxi II (the "Water Taxi"). Jackson was employed as a crew

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 2

member on the Water Taxi. At approximately 11:45 p.m. on October 27, 2007, Jackson was working on the Water Taxi, which was sailing from St. Thomas, U.S. Virgin Islands, to St. John, U.S. Virgin Islands. During the trip, the vessel encountered rough seas and Jackson was injured.

On January 14, 2008, several individuals who were passengers on the Water Taxi at the time of the accident, commenced a negligence action, docketed as Civil No. 2008-09 (the "Passengers' Action"), against Per Dohm in this Court based on the October 27, 2007, accident. Per Dohm filed an answer in the Passengers' Action, which asserted the affirmative defense that Per Dohm is entitled to exoneration from liability or, alternatively, that its liability "for all claims related to the accident whether asserted by plaintiffs or others" should be limited to "the value of the vessel ($59,000) and her then pending freights ($125) at the time of the incident." (Ex. 2 to Mot. to Dismiss, Answer and Affirmative Defenses 3, Apr. 18, 2008.)

On April 25, 2008, Per Dohm filed a complaint and petition for exoneration from and/or limitation of liability of Per Dohm as owner of the Water Taxi, docket at Civil No. 2008-64 (the "Limitation Action"). In that action, Per Dohm contests liability. Alternatively, Per Dohm asserts that its liability

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 3

with respect to the October 27, 2007, accident should be limited to the aggregate amount of Per Dohm's interest in the Water Taxi and her pending freight at the time of the accident. Per Dohm, along with Indemnity Insurance Company of America ("Indemnity"), submitted an *Ad Interim* Stipulation stating that the value of the Water Taxi and her pending freight at the time of the accident was $59,125. Indemnity also filed a Letter of Undertaking, in which it agreed to pay $59,000, plus the value of the vessel's freight at the time, in the event that a final judgment is entered against Per Dohm in connection with the October 27, 2007, accident.

On July 15, 2008, the United States Magistrate Judge entered an order in the Limitation Action, approving the *Ad Interim* Stipulation and Letter of Undertaking, and finding $59,125 to be sufficient to cover the value of Per Dohm's interest in the Water Taxi and her pending freight at the time of the accident. That order directed Per Dohm to publish a notice (the "Notice")

> to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file its respective claims with the Clerk of Court, in writing, and to serve on the attorney for the Petitioner a copy thereof on or before the 31st day of August, 2008, or be defaulted and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve on attorney for Petitioner an Answer to the Complaint on or before the said date unless his claim has included

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 4

>       an answer to the Complaint so designated, or be
>       defaulted . . . .

(Order 4, Civil No. 2008-64, July 15, 2008.) It further directed that Per Dohm serve copies of such notice on all known claimants. Finally, the Magistrate Judge's order stayed the commencement or further prosecution of any action against Per Dohm arising from the October 27, 2007, accident pending the determination of the Limitation Action. Thereafter, a number of individuals who were passengers on the Water Taxi at the time of the October 27, 2007, accident filed claims in the Limitation Action.

On July 22, 2008, the Clerk of the Court issued a Notice of Monition to Claimants in the Passengers' Action and the Limitation Action, directing all persons claiming damages arising from the October 27, 2007, accident to file their claims no later than August 31, 2008, or forever be defaulted. Thereafter, Per Dohm filed a notice informing the Court that it had served the Notice required by the July 15, 2008, order to all known claimants by mailing the Notice to the claimants' counsel, Desmond L. Maynard, Esquire. Per Dohm also filed proof that it had published the Notice in the Virgin Islands Daily News, as required by the July 15, 2008, order. Jackson did not file a claim with respect to the October 27, 2007, accident before the expiration of the August 31, 2008, deadline.

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 5

Rather, on March 4, 2009, Jackson commenced this action against Per Dohm, seeking damages stemming from his injury on October 27, 2007. In his complaint, Jackson alleges that Per Dohm knew that the Water Taxi was unseaworthy, but nonetheless operated it in rough conditions, placing Jackson in danger.

On March 26, 2009, Per Dohm filed the instant motion to dismiss the above-captioned matter.

## II. ANALYSIS

Per Dohm argues that Jackson's complaint in this matter should be dismissed because Jackson failed to file his claim with respect to the October 27, 2007, accident before the expiration of the August 1, 2008, deadline for doing so.

Pursuant to 46 U.S.C. §§ 30501, *et seq.* (the "Limitation of Liability Act," or the "Act"), shipowners have certain limitation of liability rights for accidents occurring onboard their vessels. The Act provides generally that the liability of a shipowner incurred as a result of a maritime accident "without the privity or knowledge of the owner" "shall not exceed the value of the vessel and pending freight." *See* 46 U.S.C. § 30505. As the Supreme Court of the United States has explained,

> the great object of the statute was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 6

>
> damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board

*Hartford Accident & Indem. Co. v. S. Pac. Co.*, 273 U.S. 207, 214, 47 S.Ct. 357, 71 L.Ed. 612 (1927).

A shipowner may file an action for limitation of liability in a district court within six months after receiving written notice of a claim. 46 U.S.C. § 30511(a); Fed. R. Civ. P. Supplemental Rule F(1). The shipowner filing such action must deposit with the Court, for the benefit of the claimants "(A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30511(b)(1); *see also* Fed. R. Civ. P. Supplemental Rule F(1). Upon the commencement of such action, "the district court is authorized to stay all proceedings against the owner, and to direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman v. Cerasia*, 2 F.3d 519, 523 (3d Cir. 1993) (internal citations omitted); *see also* 46 U.S.C. § 30511©; Fed. R. Civ. P. Supplemental Rule F(3)-(4). Additionally, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 7

property with respect to any claim subject to limitation in the action." Fed. R. Civ. P. Supplemental Rule F(3).

"Thereafter, in a proceeding known as a concursus, the district court, sitting in admiralty without a jury, determines whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." *Gorman*, 2 F.3d at 523.  As the United States Court of Appeals for the Fifth Circuit has explained, "the purpose behind such a proceeding in federal court is to permit all actions against the shipowner to be consolidated into a single case so that all claims may be disposed of simultaneously[.]" *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 264 (5th Cir. 2001); *see also Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court.").  The concursus procedure enables the Court to achieve the primary purpose of the [Limitation of Liability] Act -- "to provide a marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." *In re Complaint of Dammers & Vanderheide &*

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 8

*Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988).

    Here, Per Dohm commenced the Limitation Action within six months after the Passengers' Action was filed.  Additionally, Per Dohm and Indemnity offered the *Ad Interim* Stipulation of Value and Letter of Undertaking, which the Court approved as security for the amount of Per Dohm's interest in the Water Taxi, plus her pending freight at the time of the accident.  Thus, Per Dohm has complied with the requirements for commencing an action for protection under the Limitation of Liability Act.  Furthermore, Per Dohm's complaint in the Limitation Action included an application for an injunction restraining the commencement of any future actions arising from the October 27, 2007, accident.  The July 15, 2008, order granted the application, directing that all claims arising out of the October 27, 2007, accident be filed in the Limitation Action, and stating

> that the commencement and/or further prosecution of any action or proceeding against the Petitioner, the WATER TAXI II in rem, and/or its Underwriters, or any of Petitioner's property with respect to any claim for which Petitioner seeks exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty, alleged incident and/or accident described in the Complaint be, and the same is, hereby stayed and restrained, and all prior orders, rulings or decrees issued in conjunction with any heretofore

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 9

> filed libels or claims be stayed and restrained until the hearing and determination of this proceeding[.]

(Order 4, Limitation Action, Civil No. 2008-64, July,15, 2008.)

As the July 15, 2008 order makes clear, after the commencement of the Limitation Action, Jackson was required to file his claim against Per Dohm in the Limitation Action, and was prohibited from filing a separate law suit for damages stemming from the October 27, 2007, accident. Accordingly, Jackson's complaint in this matter was improperly filed. Under these circumstances, the Court finds that dismissal of Jackson's complaint in this matter is appropriate.[1] *See, e.g., Forty-Nine Transfer Corp. v. The Mormacpride,* 199 F. Supp. 446 (S.D.N.Y. 1961) (dismissing an action for libel against a steamship, its owner, the owner of a tug, and the charterer of tug, because it was commenced in violation of an order in a pending action for limitation of liability filed by the tug owner and charterer, which "restrained the beginning or prosecution of any and all suits, actions, or legal proceedings of any nature or description

---

[1] The dismissal of this matter does not, however, leave Jackson without an avenue for pursuing his claims. Although Jackson missed the August 31, 2008, deadline for filing his claim in the Limitation Action, he may still obtain leave to file an untimely claim in that case. *See* Fed. R. Civ. P. Supplemental Rule F(4) ("For cause shown, the court may enlarge the time within which [such] claims must be filed."). In fact, on April 7, 2009, Jackson filed a motion for an extension of time to file a claim in the Limitation Action. That motion is still pending as of the date of this Memorandum Opinion.

*Jackson v. Red Hook Water Taxi, Inc., d/b/a Per Dohm Water Taxi, Inc.*
Civil No. 2009-39
Memorandum Opinion
Page 10

whatsoever, except in the present proceeding, in respect of any claim arising out of, consequent upon, or in connection with said (collision)" (quotations omitted)).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Per Dohm's motion to dismiss. An appropriate Order follows.

```
                                    S_____
                                         CURTIS V. GÓMEZ
                                           Chief Judge
```